MICHELLE R. GHIDOTTI (27180)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
mghidotti@ghidottilaw.com

Attorney for Creditor
U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| In re: | CASE NO.: 2:18-bk-01933-PS |
| Tommy Chavez<br>Mary Jane Chavez | OBJECTION TO CHAPTER 13 PLAN |
| Debtors. | |

TO: UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR(S), AND ALL INTERESTED PARTIES

U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trus, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by Debtors, Tommy Chavez and Mary Jane Chavez ("Debtor").

**FACTUAL/PROCEDURAL BACKGROUND**

1. On or about March 16, 2007, Debtor executed a Deed of Trust and Note encumbering the real property known as 5701 West Palm Lane, Phoenix, AZ 85035-3635 ("subject property") in

the amount of $220,000.00. As the successor in interest, Secured Creditor is entitled to receive payments pursuant to a Promissory Note and is secured by a Deed of Trust on the subject property. In about September 2016, Debtor defaulted on the regular monthly payments. No payments have been made since that time. As of March 1, 2018, the approximate amount in default was $14,918.89, as will be described in a Proof of Claim which will be timely filed. Secured Creditor files this Objection to preserve its rights.

**2.** On March 1, 2018, Debtor filed the current Chapter 13 bankruptcy case. On March 23, 2018, the case was dismissed due to a deficiency and reinstated on April 2, 2018.

**3.** On March 27, 2018, the Plan was filed.

## ARGUMENT

**4.** Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. **IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS**

**5.** Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The proposed Plan does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor. The payoff period and monthly repayment amount proposed by the Debtor exceed a reasonable arrangement in light of Debtor's past non-payment history. Debtor alleges in the Plan that the arrears owed to Secured Creditor are in the amount of $8,413.36 while in fact the actual arrears owed are in the amount of $14,918.89. To cure the pre-petition arrearages of $14,918.89 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $248.65 per month from the Debtor through the Plan. Debtor's Plan provides for payments to the Trustee in the amount of $450.00 per month for 60 months. Debtor has not provided sufficient funds to cure the arrears over the term of the Plan within 60 months. Therefore, the Plan is not feasible.

2

2:18-bk-01933-PS
Objection to Chapter 13 Plan

Case 2:18-bk-01933-PS  Doc 27  Filed 04/19/18  Entered 04/19/18 07:06:39  Desc
Main Document  Page 2 of 5

### B. THE PLAN IS NOT FEASIBLE – DEBTOR DOES NOT HAVE SUFFICIENT INCOME

**6.** Pursuant to Schedules I and J, Debtor has net income of $324.02. Based on the petition, Debtor does not have sufficient net income for the proposed plan muchless increase the plan payments to cure the arrears owed to Secured Creditor. When comparing the Schedules with the Plan, the income is different. The Plan lists the net income after the plan payment at $89.66. But, the net income in the Schedules is not sufficient for the plan payment resulting in total net income of -$125.98. Thus, Debtor does not have sufficient net income for a Chapter 13 Plan, and the case should be dismissed under these circumstances.

### CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied,
2. For attorneys' fees and costs herein, and
3. For such other relief as this Court deems proper.

THE LAW OFFICE OF MICHELLE GHIDOTTI

Dated: April 18, 2018    By: /s/ Michelle R. Ghidotti, Esq.
MICHELLE R. GHIDOTTI, SBN 027180

| | |
|---|---|
| 1 | Michelle R. Ghidotti-Gonsalves, AZ State Bar No. 27180 |
| | THE LAW OFFICES OF MICHELLE GHIDOTTI |
| 2 | 1920 Old Tustin Ave. |
| | Santa Ana, CA 92705 |
| 3 | Phone: 949-427-2010 |
| | Facsimile: 949-427-2732 |
| 4 | Email: mghidotti@ghidottilaw.com |
| 5 | |
| 6 | Attorneys for Credit |
| | U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust |
| 7 | |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA – PHOENIX DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No: 2:18-bk-01933-PS |
| | ) | |
| Tommy Chavez and Mary Jane Chavez, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | BRIDGECREST CREDIT COMPANY |
| | ) | LLC'S CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On April 19, 2018, I served the following documents as described as:

Page 1

Certificate of Service 2:17-bk-05408-MCW
Case 2:18-bk-01933-PS   Doc 27   Filed 04/19/18   Entered 04/19/18 07:06:39   Desc
Main Document   Page 4 of 5

**1. OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows.

| | |
|---|---|
| **DEBTORS**<br>TOMMY CHAVEZ<br>5701 W PALM LANE<br>PHOENIX, AZ 85035<br><br>MARY JANE CHAVEZ<br>5701 W PALM LANE<br>PHOENIX, AZ 85035<br><br>**DEBTORS' COUNSEL**<br>GAVIN ANDREW CURTIS<br>START FRESH ARIZONA<br>15396 North 83rd Avenue<br>Suite D102<br>Peoria, AZ 85381 | **TRUSTEE**<br>RUSSELL BROWN<br>CHAPTER 13 TRUSTEE<br>SUITE 800<br>3838 NORTH CENTRAL AVENUE<br>PHOENIX, AZ 85012-1965<br><br>**U.S. TRUSTEE**<br>U.S. TRUSTEE<br>OFFICE OF THE U.S. TRUSTEE<br>230 NORTH FIRST AVENUE<br>SUITE 204<br>PHOENIX, AZ 85003 |

__XX__ (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

__XX__ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 19, 2018, at Anaheim Hills, California

By: /s/Jeremy Romero
    Jeremy Romero

Page 2

Certificate of Service  2:17-bk-05408-MCW
Case 2:18-bk-01933-PS   Doc 27   Filed 04/19/18   Entered 04/19/18 07:06:39   Desc
Main Document    Page 5 of 5